_____FILED _____ENTERED
_____LODGED _____RECEIVED

SEP 1 1 2015

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY_____DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

JAMAL BARNES, #40212-037      *
    Petitioner,
v.                            *   Criminal Action No. JFM-02-79
                                      Civil Action No. JFM-15-1583
UNITED STATES OF AMERICA      *
    Respondent.
                        *****

MEMORANDUM

Jamal Barnes was convicted of one count of carjacking, in violation of 18 U.S.C. § 2119F. On June 13, 2003, he was sentenced to life imprisonment and five years of supervised release. A special assessment of $100.00 was imposed. *See United States v. Barnes*, Criminal No. JFM-02-79 (D. Md.) at ECF No. 96. Judgment was entered on June 16, 2003. No appeal was filed.

On June 1, 2015, the court received for filing Barnes' self-represented "motion to vacate sentence, dated May 28, 2015, which raises several grounds of ineffective assistance of counsel. *Id.* at ECF No. 98. Barnes seemingly presents a claim of actual innocence in his motion and subsequently filed affidavit. *Id.* at ECF Nos. 98 & 102.

On June 3, 2015, the court issued a show cause order granting the parties an opportunity to brief the issue of timeliness. *Id.* at ECF No. 99. On August 11, 2015, respondent filed a response, arguing that motion was time-barred. *Id.* at ECF No. 104. Although afforded the opportunity to do so, Barnes did not file a reply

Barnes was convicted and sentenced on June 13, 2003. He did not file an appeal. The one-year statute of limitations set out under 28 U.S.C. § 2255(f)(1) began to run on June 16, 2003. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001) (where no appeal taken, statute of

limitations begins to run on date the court entered the judgment of conviction). Therefore, Barnes had until June 16, 2004, to file a timely motion to vacate. He did not do so.

The one-year limitation period may be forgiven if a petitioner shows "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) ... prevented him from filing on time." *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) *(en banc)* ). A petitioner must show some wrongful conduct by a respondent contributed to the delay in filing; or that circumstances beyond his control caused the delay. *See Rouse,* 339 F.3d at 246. "[A]ny resort to equity must be reserved for those rare instances where ... it would be unconscionable to enforce the limitation period against the party and gross injustice would result ." *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2006). Generally, the petitioner must show that he has been diligently pursuing his rights and some extraordinary circumstance prevented him from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse,* 339 F.3d at 246.

In *McQuiggin v. Perkins,* 133 S.Ct. 1924 (2013), the Supreme Court held that federal courts have equitable authority to invoke the miscarriage of justice exception to overcome expiration of the statute of limitations governing a first federal habeas petition. *Id.* at 1934. "In order to show the type of 'miscarriage of justice' that will excuse a procedural bar, a petitioner must make a colorable showing of actual innocence." *Crawford v. Head,* 311 F.3d 1288, 1327 (11th Cir. 2002) (quoting *Isaacs v. Head,* 300 F.3d 1232, 1255 (11th Cir. 2002)). "[T]enable actual-innocence gateway claims are rare." *McQuiggin,* 133 S.Ct. at 1928. The petitioner must satisfy the *Schlup* standard, *McQuiggin,* 133 S.Ct. at 1928 (citing *Schlup v. Delo,* 513 U.S. 298 (1995)), by demonstrating that constitutional

error "probably resulted" in the conviction of one who is actually innocent. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup,* 513 U.S. at 324. "Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Id.,* 513 U.S. at 315–17. "[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Id.,* 513 U.S. at 329. "The actual innocence exception is 'exceedingly narrow in scope,' and the petitioner must demonstrate that he is factually innocent rather than legally innocent." *Id.,* 513 U.S. at 329 (citing *Bousley v. United States,* 523 U.S. 614, 623 (1998) (" 'actual innocence' means factual innocence, not mere legal insufficiency"); *see also House v. Bell,* 547 U.S. 518, 538 (2006) (emphasizing that the *Schlup* standard is "demanding" and seldom met).

Barnes has not made the requisite showing under *McQuiggin* and *Schlup* to warrant application of the miscarriage of justice exception to the statute of limitations bar. His motion to vacate is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed and denied with prejudice.

In *Slack v. McDaniel,* 529 U.S. 473 (2000), the Supreme Court held that "[w]hen the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA [certificate of appealability] should issue when the prisoner shows, at

3

least, that ... jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack,* 529 U.S. at 484. Barnes does not satisfy this standard, and the court declines to issue a certificate of appealability.

Date: September 4, 2015

J. Frederick Motz
United States District Judge